IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**BENNIE WARD**                                                             **PLAINTIFF**

**v.**                                           **No. 4:12CV106-A-A**

**CHRISTOPHER EPPS, ET AL.**                            **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Bennie Ward, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff claims that he has received inadequate medical care regarding treatment for itching on his scalp, face, and neck. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

**Factual Allegations**

Between 1999 and 2001, Bennie Ward developed a itching on his head, face, and neck while incarcerated in the Mississippi Department of Corrections at the Marshall County Correctional Facility. He requested and received medical treatment in the form of various ointments and pills, to no avail. Later, a female doctor prescribed a combination of two ointments that, though it did not cure the condition, it relieved the itching. After successful treatment with the combination of ointments, that treatment was discontinued in 2011 because the cost was higher than the Mississippi Department of Corrections was willing to pay. Though the various treatments provided afterwards gave partial relief, none was as effective as the ointment combination. During much of this time, Ward repeatedly requested a referral to a dermatologist, but his requests were denied. At one point, Nurse Lisa Tucker said that if Ward

continued requesting referral to a dermatologist, he would be transferred to Parchman. His continued requests indeed led to a transfer to the Prison Hospital at Unit 42 in Parchman, where Dr. Cabe performed biopsies of the affected areas. Lab results showed that the itching was a result of an allergic reaction to something he had touched. Dr. Cabe prescribed various medications to treat the condition, again with only partial success. He also told Ward that it was up to him to determine what he might be touching to cause the allergic reaction. Ward vehemently disagrees with the course of his treatment and seeks an order requiring the Mississippi Department of Corrections to refer him to a dermatologist, where he hopes to find a definitive cause and effective treatment for his interminable itching.

**Denial of Medical Treatment**

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a

court from the obviousness of the substantial risk. *Id*. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

Ward has requested and received treatment for his medical condition many times through the years – with varying degrees of success. He understandably wants a permanent and complete solution for the itching he suffers. Though the court sympathizes with Ward's request for a different course of treatment, the facts of this case do not support a constitutional claim for denial of medical treatment. Ward simply disagrees with the many courses of treatment he has undergone, and that, as set forth above, does not rise to the level of deliberate indifference. For this reason, Ward's allegations regarding denial of adequate medical treatment must be dismissed.

**Retaliation**

Ward claims that Nurse Lisa Tucker retaliated against him for requesting a referral to a dermatologist by threatening to transfer him to the Mississippi State Penitentiary. The elements of a claim under a retaliation theory are the plaintiff's invocation of "a specific constitutional right," the defendant's intent to retaliate against the plaintiff for his or her exercise of that right, a retaliatory adverse act, and causation, *i.e.*, "but for the retaliatory motive the complained of incident . . . would not have occurred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir.1995) (citations omitted ), *cert. denied*, 516 U.S. 1084, 116 S. Ct. 800, 133 L. Ed. 2d 747 (1996). In

this case, Ward must prove that he engaged in constitutionally protected activity, faced a consequence of transfer to a different facility, and that such action was taken "in an effort to chill [his] access to the courts or to punish [him] for having brought suit." *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1296 (5th Cir.), *cert. denied*, 513 U.S. 926, 115 S. Ct. 312, 130 L. Ed. 2d 275 (1994); *see also Serio v. Members of Louisiana State Board of Pardons*, 821 F.2d 1112, 1114 (5th Cir. 1987). The showing in such cases must be more than the prisoner's "personal belief that he is the victim of retaliation." *Edwards*, 51 F.3d at 580. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997).

Though Ward did engage in a constitutionally protected activity (seeking medical treatment), he has shown only his personal belief that he is a victim of retaliation. He requested additional medical treatment and was, as promised, transferred to Parchman, but he was transferred *temporarily* to the main Mississippi Department of Corrections *hospital* for further diagnostic testing and treatment. This is not retaliation, but an attempt to determine the root cause of his problem and plot a course for treating it. Ward, in his frustration, interpreted Ms. Tucker's statement about transfer as a threat, when it was merely letting him know that he would be moved to a better medical facility. Ward's claim of retaliation must therefore be dismissed.

In sum, all of the plaintiff's claims are without merit and will thus be dismissed. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 31st day of January, 2013.

                                              /s/ Sharion Aycock
                                            **U.S. DISTRICT JUDGE**